## Board of Supervisors v. Commissioners of Highways.

1. MANDAMUS—*County Aid in Building Bridges.*—When the board of supervisors are petitioned to make an appropriation in aid of the construction of a bridge under section 19 of chapter 121, R. S., they can not

lay the petition on the table, and thus deny in their answer to a petition for a mandamus that they refused to make the appropriation.

2.  Same—*What is a Refusal to Act.*—A failure to act is a refusal to act.  The law is not so unreasonable as to refuse a remedy, where a duty is imposed on public officers and demand made to have the duty performed is shown, and allow such officers to escape such duty by simply neglecting to act.

**Mandamus.**—Appeal from the Circuit Court of Lee County; the Hon. John D. Crabtree, Judge, presiding.  Heard in this court at the December term, 1895.  Affirmed.  Opinion filed May 16, 1896.

C. B. Morrison and Wm. Barge, attorneys for appellant.

J. F. Sanford, attorney for appellees.

Mr. Presiding Justice Lacey delivered the opinion of the Court.

This was a petition for a peremptory writ of mandamus filed in the Circuit Court, and summons served on the board of supervisors December 27, 1894, to compel the appellants to appropriate out of the county treasury a sufficient sum of money to pay one half of the costs of the building and erecting of five bridges, costing in the aggregate, as estimated by appellees, the sum of $6,900.   The bridges for which the appropriation was asked are as follows :   One on the section line between sections 13 and 12; one on section line between sections 11 and 12; one on the road through the southwest quarter of section 2, and one on the road through section 3.  These four bridges are on one stream in the town of Reynolds; the other bridge mentioned is on the town line between the town of Reynolds and Alta, between sections 1 and 12; the last mentioned bridge and approaches thereto are on that part of the public highway allotted to the town of Reynolds.

The county aid was asked under and by virtue of section 19, chapter 121 of the Revised Statutes, requiring the county to furnish aid to the amount of one half the costs, for the building of " any bridge over a stream or any approaches

thereto, etc., on a public road, in any town, or on or near to or across a town line, in which work the town is wholly or in part responsible and the costs of which shall be more than twenty cents on the $100 on the latest assessment roll, and the levy of the road and bridge tax for two years last past in said town was in each for the full amount of forty cents on each $100 allowed by law for the commissioners to raise, the major part of which is needed for the ordinary repairs of said roads and bridges." In such case "the commissioners may petition the county board for aid and if those facts shall appear, the county board shall appropriate from the county treasury sufficient to meet one half the expenses of the said bridge or other work, on condition the town asking aid shall furnish one half the required amount," etc.

The balance of the section has reference to the manner of contracting for the work and building the bridge.

The petition was duly filed with the board of supervisors in session, containing all the required showing and asking the aid under the statute, but the board, by resolution, laid the matter "on the table" and neglected to act.

The petition for mandamus was duly answered and replications filed and issue joined, and on the 13th day of May, 1895, the case came on for trial; a jury was waived, the cause submitted to the court, and the testimony introduced.

The points contested, as appears from appellant's brief, are: 1. The proposed bridges in the case at bar are not over a stream, but over a ditch which was constructed by the Brush Grove Drainage District to reclaim swamp and overflowed lands of private persons. 2. The Brush Grove Drainage District took out the old and created the necessity for the new bridges and should bear the expense of them. 3. The board of supervisors did not refuse to make the appropriation demanded by appellees. 4. The commissioners did not have a meeting and make the necessary findings and take the necessary action to authorize appellees to ask aid from the appellant. 6. The statute is unconstitutional.

There arises on the first point made, only the question of

fact, as the court below held the law at appellant's request, its proposition submitted " that the county is not liable for any part of the expense for constructing any bridge or bridges over any artificial ditch made by the drainage commissioners of the Brush Grove Drainage District."

We have examined the evidence fully, and find that it is almost beyond question that the stream which the appellees proposed to bridge at the various points named was there by nature, was a well defined watercourse, and had been bridged at the various points named by the authorities; the bridges had become decayed and worn out by time, and it was necessary to replace them with new ones, irrespective of the work of the dredge boat.

It is true that the drainage district ran the dredge boat up this stream and made an excavation at all the points where the bridges were asked for by the appellees, but no more expense was made necessary to build the bridges than would have been without the dredging of the stream. But if any additional expense was required to replace the bridges removed by the drainage district, it was the duty of the road authorities to bear the expense of constructing "the bridge, culvert or other work, or to replace any bridge or culvert temporarily removed by the commissioners in doing the work of such district."   Sec. 55, Chap. 42, R. S., called the Farm Drainage Act.

This act modifies the law, as insisted on by appellant, to the effect that any one crossing a public highway or street with a ditch, and thereby making a bridge necessary, shall bear the expense of building it and keeping it in repair, as held in Haines v. The People, 19 Brad. 354, and other like cases.

And the holding of the court in this case in view of the statute quoted may have been too broad, which we need not decide.   The appellant, however, can not complain of that, as it was in his favor.

The facts even according to the rule held by the trial judge failed to sustain the contention of the appellant. Besides, the evidence being clear that the dredging of the

stream in question did not increase the expenses of building and maintaining the bridges, the judge who tried the case, at request of appellant went out and viewed the premises, and saw with his own eye that there was nothing in appellant's claim and verified the testimony of the witnesses. Therefore there is nothing in the first two points made by appellant. As to the third point, that the supervisors did not refuse the aid, all we have to say is it did what was equivalent, it laid the matter " on the table," and allowed it to lie there for all the time the board was in session at that term, three days, and during the next succeeding December term, and adjourned both terms without doing anything further about the matter.

It is a well settled principle of law that a failure to act is a refusal to act. Merrill on Mandamus, 225; People v. Board of Education, 127 Ill. 613.

The law is not so unreasonable as to refuse a remedy, where a duty on public officers is imposed, and demand made, and a right to have the duty performed is shown, and to allow such officers to escape such duty by simply neglecting to act. And besides, in this case, the appellants are insisting that appellees have no right to the appropriation under the law and the evidence.

The fourth point is made on a mistake of what the record shows.

It shows that appellees had a meeting on the 27th October, 1894, and made the necessary findings and record to authorize them to petition the board for an appropriation for the five bridges.

The sixth point is that the statute is unconstitutional and void. This point was not made in the court below, nor was it one of the grounds assigned for a new trial; and if it was a reasonable question involved here, this court would be compelled to dismiss this appeal for want of jurisdiction. But we do not see under the facts of this case how such a question can be reasonably involved.

The law is so well settled that the legislature has power to pass the kind of an act involved, (Sec. 19, Chap. 121,) and

the Supreme Court has so often held it valid that we do not think there is any question about its validity.

The fifth point, that the right must be clear, to authorize the issuing a writ of mandamus, will be answered by the holding of this court that under the statute and the evidence the right is clear, and that the Circuit Court committed no error in ordering a peremptory writ of mandamus, commanding the appellants to make the appropriation asked for.

The judgment of the Circuit Court is therefore affirmed.

JUDGE CRABTREE having tried the case in the court below, took no part in the decision here.